IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRIAN THOMAS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-028 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Brian Thomas Johnson ("Plaintiff") appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I. BACKGROUND**

Plaintiff applied for SSI on September 25, 2011, alleging a disability onset date of August 20, 2011. Tr. ("R."), pp. 125-27. The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 64-67, 75-78. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 79-80, and the ALJ held a hearing on August

6, 2012, R. at 25-59. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Dr. Daniel C. Lustig, a Vocational Expert ("VE"). Id. On September 14, 2012, the ALJ issued an unfavorable decision. R. at 9-20.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 25, 2011, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments: right foot tansmetatarsal amputations, wrist fracture, and lower extremity bilateral and right upper extremity burns (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a).[1] In particular, the claimant can lift or carry up to 20 pounds occasionally and 10 pounds frequently. He can stand or walk for approximately 6 hours of an 8-hour work day and sit for approximately 6 hours of an 8-hour workday with normal breaks. Additionally, the claimant can frequent[ly] climb ramps and stars; frequently balance, stoop, kneel, crawl; the claimant cannot climb ladders, ropes, scaffolds; he can occasional[ly] use the right hand in pushing or pulling; only occasional[ly] use foot controls; only occasional[ly] use gross manipulative or handling abilities; H[e] cannot use fine manipulative abilities for anything smaller than a paper clip; and, he needs to avoid hazards such as machinery and motor vehicles as part of job duties. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

---

[1] "Sedentary work" is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

> 5. Considering the claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the claimant can perform, such as information clerk, insurance clerk, and surveillance-system monitor (20 C.F.R. §§ 416.969 and 416.969(a)). The claimant has not been under a disability, as defined in the Social Security Act, since September 25, 2011, the date the application was filed (20 C.F.R. § 416.920(g)).

R. 14-20.

When the Appeals Council denied Plaintiff's request for review, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because: (1) the RFC determination is internally inconsistent; (2) the ALJ failed to discuss the opinion of consultative examiner Dr. John Whitley limiting Plaintiff to simple work-related tasks; (3) the ALJ did not properly assess Plaintiff's credibility; and (4) the ALJ posed a hypothetical question with limitations different from his RFC determination. (See doc. no. 13 ("Pl's Br."), pp. 6-16.) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 14 ("Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh

3

the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

### A.   The ALJ's Description of Light Work in Plaintiff's RFC Is a Harmless Typographical Error.

Plaintiff asserts that inconsistencies in the ALJ's RFC determination rendered it unclear and denied Plaintiff a fair hearing. (Pl's Br., pp. 9-13.) The ALJ stated that Plaintiff "has the [RFC] to perform sedentary work as defined in 20 C.F.R. § 416.967(a)." R. 14. However, the ALJ's description of Plaintiff's limitations corresponds to the definition of light work, because the ALJ found Plaintiff could lift or carry up to twenty pounds occasionally and ten pounds frequently, stand or walk for approximately six hours of an eight-hour workday, and sit for approximately six hours of an eight-hour workday with normal breaks. Id.; see 20 C.F.R. § 416.967(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . a job is in this category when it requires a good deal of walking or standing . . . .")

Here, the ALJ's erroneous reference to light work limitations is harmless because it is clear from the record the ALJ concluded that Plaintiff could only perform sedentary work. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (affirming ALJ decision that included harmless factual errors); see also Roberson v. Astrue, No. 3:11-CV-02824-AKK, 2012 WL 3628678, at *4 (N.D. Ala. Aug. 17, 2012) (finding that single reference to plaintiff's ability to perform light work was a harmless typographical error because the record clearly indicated that the ALJ intended plaintiff to perform sedentary work with exceptions).

Not only did the ALJ cite the regulation corresponding to sedentary work, but also stated that Plaintiff's exertional impairments are more limiting than the state examiner concluded, who

5

found Plaintiff could perform work at the light exertional level. R. 14-16, 685-92. Additionally, the ALJ expressly found that Plaintiff did not have the RFC to "perform the full range of sedentary work" because of "additional limitations" and relied on the VE to identify jobs at a sedentary exertional level that Plaintiff could perform in light of those additional limitations. See R. 20, 54-57. Furthermore, the only reference to light work in the ALJ's opinion is the ALJ's erroneous copy and paste of the boilerplate limitations for light work. See Roberson, No. 3:11-CV-02824-AKK, 2012 WL 3628678, at *4 (citing Rivera v. Comm'r of Soc. Sec., No. 608-CV-1720-ORL-GJK, 2010 WL 680784, at *3 (M.D. Fla. Feb. 24, 2010)).

### B. The ALJ Properly Addressed Dr. Whitley's Opinion as a Consultative Examiner.

#### 1. Weight of Opinion by Treating Physicians and Consulting Physicians.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).

Although a treating physician's opinion must generally be given substantial weight, the same is not true of a consultative physician. As a general rule, the opinion of a one-time examiner is not entitled to great weight and may be discredited by other evidence in the record. Crawford, 363 F.3d at 1160-61. In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 416.927(c)(1)-(2), (5).

### 2. The ALJ Did Not Err By Not Adopting Dr. Whitley's Opinion that Plaintiff Should Be Limited to Simple Work-Related Tasks Because of Mental Limitations.

Plaintiff argues the ALJ erred by failing to adopt Dr. Whitley's opinion, based on a February 13, 2012 examination, that Plaintiff would "function best with simple work-related task[s]" and "have difficulty sustaining effort, focus, and pace for the timely completion of tasks in a work-setting" because Plaintiff's ability "to process information quickly and efficiently may be

7

impacted by his previous head injury." R. 549; Pl's Br., pp. 15-16. As discussed below, the ALJ established good cause for not limiting Plaintiff to simple work-related tasks because such a limitation is not supported by Dr. Whitley's own notes from his February 2012 consultative examination or the opinions of state agency reviewing psychologist Dr. Michelle Wierson.

The ALJ concluded that the evidence reflected memory loss pertaining to the period around Plaintiff's August 2011 car accident, but "fail[s] to establish any significant daily functional impact," and he also determined that the mental limitation was non-severe. R. 14, 15-16, 19. Dr. Whitley's own examination notes reflected average intelligence, normal thought processing, and no memory or concentration problems. R. 18, 548-49. Furthermore, Plaintiff's girlfriend reported to Dr. Whitley that she observed no significant cognitive changes in Plaintiff since the accident, and even Dr. Whitley ruled out any cognitive disorder. R. 18, 547-49.

Additionally, the ALJ considered the opinion of state agency reviewing psychologist Dr. Wierson, who reviewed the record evidence in May 2012, including Dr. Whitley's evaluation, and opined Plaintiff had intact comprehension with no substantial limitations in memory, concentration, social skills, or ability to adapt. R. 15-16, 705, 709. Dr. Wierson further concluded that Dr. Whitley's limitation of Plaintiff to simple work-related tasks was not supported by his own findings and was inconsistent with the other reports of record. R. 705.

Plaintiff asserts the ALJ did not fully consider Dr. Whitley's opinion about simple work-related tasks because he did not expressly quote it in his opinion. However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the Court] to conclude that the ALJ considered [his] medical condition as a whole.'" Dyer v. Barnhart, 395 F.3d 1206,

1211 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995)) (punctuation omitted). Here, rather than a broad rejection, the ALJ extensively discussed the evidence of record concerning Plaintiff's mental functioning and limitations and determined that it did not support the inclusion of any mental limitations in Plaintiff's RFC. See R. 14-19. In so doing, the ALJ relied on substantial evidence that included Dr. Whitley's own examination notes and the opinion of Dr. Wierson.

### C. The ALJ Properly Discredited Plaintiff's Subjective Testimony Regarding His Limitations.

Plaintiff argues the ALJ erroneously discredited Plaintiff's testimony concerning his physical limitations by (1) mischaracterizing Plaintiff's testimony to Dr. Whitley about his alcohol and drug use as "lying," and (2) relying too heavily on Plaintiff's testimony regarding his participation in daily activities that are not indicative of ability to work. (Pl's Br., pp. 6-9.) To make the threshold showing of validity for subjective complaints, a plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote, 67 F.3d at 1561-62.

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the

9

Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the District Court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer, 395 F.3d at 1210-11 (internal quotation marks and citations omitted). The ALJ's detailed analysis of Plaintiff's credibility far surpasses this minimum standard.

Plaintiff testified that the injuries on his right hand limit his ability to lift, grip, and make a fist, and he is limited in his ability to stand and walk due to pain resulting from burns to his feet and amputation of the toes on his right foot. R. 16. The ALJ discussed the extensive surgical, clinical, and rehabilitative treatment Plaintiff received following his August 20, 2011 car accident and determined that substantial evidence undermined his allegations of disabling pain and other limitations, including Plaintiff's daily activities and inconsistent statements by Plaintiff regarding his drug and alcohol abuse. R. 16-19.

As to the latter, Plaintiff reported to Dr. Whitley in February 2012 that he had a history of marijuana and alcohol use but had been sober since his August 2011 accident, and testified at his August 6, 2012, hearing that he was not currently using drugs or drinking. R. 17, 18, 53, 547. However, Plaintiff's last record of treatment was a hospital admission in July 2012 for a seizure. R. 18, 744-46, 818. Upon admission, Plaintiff's brother-in-law, who witnessed the seizure, reported Plaintiff currently used cocaine, amphetamines, and marijuana. Id. Indeed, despite Plaintiff's assertion that the ALJ should not have relied upon this "unreliable informer,"

(see doc. no. 15 ("Pl's Reply Br."), p. 2,) Plaintiff's toxicology report was positive for marijuana, R. 18, 828.

Plaintiff asserts the ALJ erred because his July 2012 drug use "does not equate to Plaintiff's 'lying' to Dr. Whitley" in February 2012 about his then-current drug use. (Pl's Br., pp. 6-7.) However, the ALJ did not state that Plaintiff lied to Dr. Whitley, but instead noted that the hospital records indicating drug use as recently as July 2012, when contrasted with his assertions of sobriety to Dr. Whitley and at the August 2012 hearing, undermined his credibility. The ALJ may consider inconsistencies in Plaintiff's testimony when determining his credibility. See 20 C.F.R. § 416.929(c)(4); Smith v. Colvin, No. 2:12-CV-2275-AKK, 2014 WL 2807637, at *6 (N.D. Ala. June 20, 2014) (finding the ALJ properly considered plaintiff's inconsistent statements about alcohol and drug use in discounting his testimony).

Plaintiff next asserts the ALJ committed error by "disqualifying" Plaintiff from disability because of Plaintiff's testimony about his limited daily activities, including caring for his infant daughter. (Pl's Br., pp. 8-9.) The ALJ found that Plaintiff's symptoms were not as disabling as alleged because Plaintiff testified "he had no significant personal care limitations and was even able to assist in the care of his newborn child." R. 19. Citing Lewis, 125 F.3d at 1441, Plaintiff contends that "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability. However, the ALJ did not rely solely on Plaintiff's daily activities to assess his credibility and determine Plaintiff's RFC. Rather, the ALJ also considered Plaintiff's medical records and expert opinions. R. 15-19. Moreover, Lewis prohibited relying solely on testimony of participation in everyday activities of short duration to reject a treating physician's opinion. An ALJ may

11

still consider other activities of daily living in assessing a claimant's disability. See 20 C.F.R. § 416.929(c)(3)(i); SSR 96-7p, 1996 WL 374186, at *3; May v. Comm'r of Soc. Sec., 226 F. App'x 955, 958-59 (11th Cir. 2007); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987).

Lastly, Plaintiff asserts that a photograph of his right arm supports the credibility of his complaints of disabling limitations. (Pl's Br., pp. 7-8.) However, this photograph does not reveal what level of functioning Plaintiff retained in his right arm. Instead, the ALJ relied on the record, including state medical consultant Dr. Thomas German's April 2012 opinion, in determining Plaintiff's physical RFC. See R. 14-15, 685-92.

In sum, the ALJ properly reviewed Plaintiff's allegations of total disability and properly found, based on substantial evidence, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not consistent with the record. See Holt, 921 F.2d at 1223; Foote, 67 F.3d at 1561-62; Dyer, 395 F.3d at 1210-11.

### D. The Discrepancy Between the ALJ's RFC Determination and the Hypothetical to the VE Is Harmless Error.

Plaintiff contends the ALJ erred when posing the hypothetical questions to the VE because the ALJ's findings as to gross manipulation differ from the limitations in the hypothetical VE questions. (Pl's Br., pp. 14-15.) The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Jones, 190 F.3d at 1229 ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161. Furthermore, an ALJ's error in posing the hypothetical may be harmless if it does not prejudice the claimant. See Diorio, 721 F.2d at 728 (affirming ALJ decision that included harmless factual errors); Jones v. Comm'r of Social Sec., 492 F. App'x 70, 72 (11th Cir. 2012) (holding ALJ's failure to include a driving limitation was "harmless because it did not affect the outcome" where "the functional requirements of the jobs identified by the VE . . . do not appear to involve driving" and plaintiff did not argue "that the essential function of any of these jobs includes driving").

Here, the ALJ found Plaintiff was limited to occasional gross manipulative abilities. R. 15. At the hearing, however the ALJ asked the VE to consider an individual who, "[i]n regards to handling of objects, that is gross manipulation of objects, they'd be limited with the right hand to *frequently*." R. 55 (emphasis added). This discrepancy is harmless error because the jobs identified by the VE as ones Plaintiff could perform—insurance clerk, information clerk, and surveillance-system monitor—do not require more than occasional handling. See Dictionary of Occupational Titles (4th ed. 1991) § 219.367-014 Insurance Clerk 1991 WL 671968; § 237.367-022 Information Clerk, 1991 WL 672188; § 379.367-010 Surveillance-System Monitor, 1991 WL 673244. Nor does Plaintiff argue that these jobs require more than occasional handling. See Jones, 492 F. App'x at 72. Accordingly, the discrepancy did not affect the outcome of Plaintiff's case. Id.; Diorio, 721 F.2d at 728.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 26th day of January, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA